E. T. LEECH et al. v. J. R. GILMORE et al.

Chancery Pleading — Demurrer — Statute of Limitations.

The defense of the bar of the statute of limitations may be set up by demurrer to a bill in chancery when the bill on its face shows that it attaches.[1]

Same — Practice — Dismissal of Bill.

When a demurrer to a bill is sustained the chancellor is not bound to tender complainant leave to amend, and when no application is made to amend it is proper to dismiss the bill.[2]

.Appellants, heirs at law of Andrew Davidson, filed the bill in this case against J. R. Gilmore and some heirs of said Davidson

[1]

The statute of limitations may be set up in equity by demurrer, but when this is done that particular cause must be assigned in the demurrer. Archer v. Jones, 4 Cush. 583.

The defence of the statute of limitations can be set up by demurrer only when, from the face of the bill, it appears that the bar has attached. When it does not appear the defense must be set up by plea or answer. Dickson v. Miller, 11 S. & M. 594; Nevitt v. Bacon, 32 Miss. 212.

Where respondent relies upon the statute of limitations as barring a claim brought in by amended bill, which, because of failure to issue process on the original bill, is claimed to be the commencement of the suit, the defense should be presented by plea or answer and not by demurrer, the question whether the process was so issued being one of fact. Green v. Tippah Co., 58 Miss. 337.

Statute of limitations may be set up by demurrer. McNair v. Stanton, 57 Miss. 298.

Where the bill leaves certain dates blank, but does not show that complainant's remedy is barred, a demurrer on the ground of the statute of limitations, which contains no specific reference to any of the blanks, should be overruled; it should specially point out any relied on, and thus give the complainant an opportunity to amend by inserting the dates. Watson v. Byrd, 53 Miss. 480; McNair v. Stanton, 57 Miss. 298.

[2]

When a declaration, on its face, shows no cause of action and there is no application to amend after a demurrer to it has been sustained, judgment should be rendered for defendant. Beal v. Sharp, 1 Miss. Dec. 325, and cases cited in note 2.

When a bill is good as to one of several defendants, it will not be dismissed on his demurrer, because it may be insufficient as to another defendant, who

who did not join in the bill, in which they allege that some time prior to September 28, 1859, Andrew Davidson died in Monroe county, intestate, leaving considerable real and personal property in said county; that on the 28th of September, 1859, all the heirs of said decedent who were then of full age entered into an agreement, in writing, between each other and the widow of said Davidson to settle up the estate without administration, and assigned to the widow certain property to hold during her life, which provided for a sale of all property not divided in kind, and also that the land of said intestate should be rented and the rents divided between the heirs; that by the terms of said agreement J. R. Gilmore was chosen and appointed as the agent of all said heirs to close the entire unsettled business and to pay off the debts and collect all debts due the estate; that this appointment was in writing and

Where the demurrer of one party brings up the equity of the whole bill as to the others, as well as to himself, and it appears that there is no equity as to any of the defendants, the bill should be dismissed as to all. Patterson v. Edwards, 7 Cush. 67.

But this rule would not apply where the ground of defense is such that it may be waived as the statute of limitations. Patterson v. Ingraham, 1 Cush. 87.

But it is not improper to dissolve an injunction on motion, and to sustain a demurrer and dismiss the bill at the same term, there being no application to amend. Jones v. Coker, 53 Miss. 195.

Where enough appears in a complainant's bill to show that upon a proper statement of his case he may have relief, it is error, on sustaining a demurrer, to dismiss the bill. Leave to amend should be granted. Hiller v. Cotton, 48 Miss. 593; Kimbrought v. Curtis, 50 Miss. 117.

A dismissal ordinarily follows sustaining a demurrer to a bill. If leave to amend is desired, it must be applied for, and it is proper to dismiss the bill if such leave is not applied for. Greene v. Williams, 58 Miss. 752.

If, after answer filed, complainant amends in any material particular, the defendant is entitled to plead, answer or demur anew within a reasonable time. One hour and three-quarters is not a reasonable time. Davis v. Davis, 62 Miss. 818.

Without regard to the number of causes assigned, if a demurrer to a bill is sustained upon any grounds whatever, the bill should be dismissed, unless leave be given to amend, and until the amendment is made, the demurrant is not called on to make any further defense. Davis v. Davis, 62 Miss. 818; Canton Warehouse Co. v. Potts, 68 Miss. 637; 10 So. 59.

A decree for complainant, though on the facts and where substantial justice has been done, will be reversed if defendant's demurrer to the bill has been improperly overruled. Dakin v. Watson, 59 Miss. 619.

signed by all the heirs; that he accepted the trust, entered upon the duties of same and undertook to carry out the terms of the agency, and did take possession and control of the entire estate, both real and personal, and sold all the personal property; that at the time of the death of said Davidson he was security on a note given by A. J. Davison, his son, to B. C. White in the sum of $1,300; that it was the duty of said Gilmore to use all reasonable and ordinary diligence to prevent any loss arising to the estate by reason of said suretyship, and unless it was paid it was his duty to give White notice to proceed to collect the debt, or to have paid it out of the assets of the estate and then to have collected it by suit against A. J. Davison, who was solvent for a long time after the appointment of said Gilmore as agent, but that he took no steps to protect the estate, but paid large sums of money and delivered property to said A. J. Davison of the said estate, well knowing that said A. J. Davison owed said debt to White; that he paid in all about $1,700 and knowing all the time that the estate of Andrew Davison was bound to said White; that this debt was never paid by A. J. Davison, and that the administrator of said White, one Wall, recovered a judgment against one Hooper, who had been appointed administrator of the estate of Andrew Davison; that this judgment was recovered in November, 1870, on the said note for $2,707, and the said Gilmore as such agent comprised this judgment in some way unknown to complainants and paid it by and with a tract of land that belonged to the estate of Andrew Davison, and took a transfer of said judgment for the benefit of said heirs to himself, and also received a transfer of certain judgments which W. D. E. Hooper, who was also the administrator of the estate of A. J. Davison, had obtained against divers persons to complainants unknown in order to pay in part the amount paid by said estate on account of the suretyship of said Andrew Davison; that said Gilmore, about 1872, collected from claims and judgments which were transferred to him by Hooper, as administrator of A. J. Davison, about $600 or $700; that said Gilmore was in possession of a tract of land in Monroe county belonging to Andrew Davison from 1864 to 1870, inclusive, and the rent of it was worth about $75 per annum during that time; that by the negligent conduct of said Gilmore in not giving notice to said White to make his money out of A. J. Davison, who was solvent for a long time after said agency, by paying over

to said A. J. Davison the property and money as aforesaid, the estate of Andrew Davison lost said tract of land in Monroe county, worth at the time it was sold $2,500; that said Gilmore has never accounted with the heirs of said Andrew Davison; that he is the husband of one of the heirs and they all had great confidence in him; that the length of time intervening since his appointment without any accounting makes it necessary to resort to a court of equity.

The prayer is for a discovery by said Gilmore of the money and property received and disbursed by him, and for an accounting and for a settlement of said account, and that he be held liable to the heirs for any loss which they sustained by reason of the failure of said Gilmore to exercise reasonable care and diligence to protect the estate from loss in the matter of the suretyship on the note of A. J. Davison to B. C. White, and for the rents of the place he had in his possession.

To this bill the defendant, Gilmore, interposed a demurrer on the grounds *inter alia* that there was no equity on the face of the bill and the statute of limitations. The above bill was filed on April 9, 1881. The demurrer was sustained and the bill dismissed. From that decree complainants appeal.

APPEALED from Chancery Court, Itawamba county, L. HAUGHTON, Chancellor.

Reversed and remanded, January 30, 1882.

*Attorney for appellants, W. L. Clayton.*

*Attorneys for appellees, Gholson & Houston.*

Brief of W. L. Clayton:

There were sixteen causes of demurrer assigned to the bill, but the main ground of the demurrer to the *substance* of the bill was for want of equity on the face of the bill, and that defendant, Gilmore, sustained no such relation to the heirs of Andrew Davison, deceased, as developed upon him any duty to use diligence in relation to the management of said estate. The heirs of Andrew Davison, being of proper age, made him their agent to "close the entire unsettled business" of said decedent; that he

should receipt for all the money, notes and accounts on hand, and they constituted him their attorney in fact to pay off the outstanding debts, and to collect all debts due or thereafter to become due, and thus, as I contend, made him as fully and completely their agent for managing said estate as they could make anyone.

It is true, they did not stipulate what he should have for his services, but the law raises by implication an obligation to give him reasonable hire for his services. Then was he liable to account? Unquestionably. Where? That is the question. If he received any money belonging to the heirs that he is compelled to account therefor is unquestionable. The chancellor thought the remedy was complete at law. Let us see. He has received money, as the bill charges; he has paid part of it out, we will say, as will be developed on the trial, more to one than to another, necessitating an accounting between all to ascertain how much is due each. Now, what power has a court of law to determine the account and enter judgment for each plaintiff against the defendant for the amount found due each?

Aside from the question of agency and special confidence reposed in him, and the facts being peculiarly within his knowledge, the jurisdiction of a court of equity in matters of accounts is ample, even if there be a remedy at law. And especially is this so where there are circumstances of special complication. McKenzie *v.* Johnson, 4 Mass. 374; Mossly *v.* Bunner, 4 Mass. 416; Phillips *v.* Phillips, 9 Hare, 473.

But, in cases of accounts by agents, giving rise necessarily to special confidence by the principal in his agent, and also on account of the fact that the transactions are more peculiarly within the knowledge of the agent, the jurisdiction of equity is ample. See 1 Story Eq. Juris. § 462; Ormond *v.* Hutchinson, 13 Ves. 53; Mossly *v.* Davis, 2 Ves. 318.

But the demurrer sets up the statute of limitations of three and six years to the bill. In reply to this, I have but to say, that it appears that some of the parties in interest are children of a married daughter of Andrew Davison, deceased, and the complainant, wife of E. T. Leech, is also a married woman, and signed the written paper appointing defendant, Gilmore, agent, as such, as did several others; and it nowhere appears on the face of the bill that the statute of limitations ever began to run, and if so, when?

This being so, the statute of limitations could be set up alone by plea or answer.

But it is said that the allegations of the bill are too vague and indefinite in relation to the Monroe county lands and their disposition by Gilmore to pay the judgment rendered against the estate of Andrew Davison, deceased, in favor of the estate of White. If so, those parts of the bill could be amended, and the court should have so ordered, instead of dismissing the bill.

Brief of Gholson & Houston:

*  *  * The statute of limitations can be set up by demurrer, but particular causes must be assigned, and then only when the face of the bill shows that the bar attaches. Dickson v. Miller, 11 S. & M. 594; Nevitt v. Bacon, 32 Miss. 212; Archie v. Jones, 4 Cush. 583; Code 1880, § 2695.

Now, while we must and do set up the statute of limitations by demurrer and assign this particular cause, if the face of the bill shows that the demurrer attaches to the whole claim, the objection reaches the whole bill. And the plea of the statute of limitations is as good and effective as a plea of payment, and a demurrer setting up the statute of limitations, is to substance of bill. 1 Daniel Chy. Proc. & Plead. 556.

There is not one word in the bill about the disability of any of the parties, and the only mention made is that A. Y. Davison and O. Martin and wife are dead and died without legal heirs. And we submit that the argument of counsel attempting to show that some of the parties were children under age, or married women, under disability, is not found in the bill, nor is there any foundation for it. 1 Danl. Chy. P. & P. pp. 559, 560; 31 Miss. 201; Code 1880, § 2677.

The argument also charges that it nowhere appears on the face of the bill that the statute of limitations ever began to run. On the contrary, the bill positively sets up its cause of action for default of notice prior to 1864, to White; and that Gilmore held land from 1864 to November 29, 1870, over eleven years ago, and that it was worth $75 per annum from 1864 to 1870. What do they ask an account for? Why, of course, $75 per year from 1864 to 1870, hence the statute of limitations began to run November 29, 1870. The bill was filed April 9, 1881. Also claims that

$600 or $700 was collected in 1872, eight years before the filing of the bill, and this is all the relief prayed for. So we say the statute of limitations attached.

As to any sums alleged to have been received on judgments transferred to Gilmore by W. DeB. Hooper, administrator, there is nothing in the bill to show that the acceptance of such judgments was authorized by law or the agreement, and that such transfer would be binding on the beneficiaries of the estate of Andrew Davison, deceased.

Now in demonstrating the proposition, apply the test of the statute of limitations as in our Code. They seek to charge Gilmore on an implied trust. As such trustee, could he now recover the lands if they have been improperly sold by W. DeB. Hooper as administrator of Andrew Davison, deceased, with the facts as stated in the bill of complaint? Could Gilmore recover the rents of the lands from 1864 to November 29, 1870? Could he recover the money paid in 1872? Of course the statute bars him. And the same statute that precludes his recovery is computed against the heirs of Andrew Davison, although such person may be under disability and within the saving clause of the statute. Code 1880, § 2694.

If the statute of limitations as set up in the demurrer is a defense in this cause, then the discovery they seek to obtain by the bill is immaterial, and if so, the causes of general demurrer as well as causes of limitations render all discovery immaterial, and the demurrer was properly sustained. 1 Daniel Chy., p. 576; Pease *v.* Pease, 8 Met. 395; Mitchell *v.* Green, 10 Met. 101. &ast; &ast; &ast;

A bill which shows no ground of relief on its face may be dismissed before answer of principal defendant; and where the demurrer brings up the equity of the whole bill, and it appears that there is no equity as to any of the defendants, the bill should be dismissed as to all. Sample *v.* Montague, 10 S. & M. 98; Patterson *v.* Edwards, 7 C. 67, 72; Smith *v.* Barnes, 1 Dick, 67; Watkins *v.* Bush, 2 Dick. 701; Chuvate *v.* Mason, 4 Green (Ia.), 231.

And where a bill in chancery is filed and a demurrer is sustained, it is not error to dismiss the bill at the same term, if the demurrer is well taken, and *no application is made* for leave to amend. Jones *v.* Coker, 53 Miss. 195.

OPINION.—*Per curiam:*

We think the chancellor did right to sustain the demurrer to the bill, and he was not bound to tender to complainants leave to amend; but since it may be that some of the complainants are not barred by the statute of limitation as to some of the matters mentioned in the bill by reason of disabilities existing when a right of action accrued, and still continuing, we will reverse the decree, merely to add to it a dismissal of the bill without prejurice to the right of any of the complainants to exhibit another bill as they may be advised, but the costs of this appeal will be taxed against the appellants.

*Decree accordingly.*